(No. 74-CV-7— )

Ninus Ushana, Claimant, vs. State of Illinois, Respondent.

*Opinion filed May 13, 1975.*

Ninus Ushana, Claimant, pro se.

William J. Scott, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on February 21, 1974, at Winnemac and Glenwood Streets in Chicago. Ninus Ushana seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act," Ill. Rev. Stat., 1973, Ch. 70, §71, et seq. (*hereafter referred to as the "Act"*).

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Ninus Ushana, age 21, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Aggravated Battery", (*Ill. Rev. Stat., 1973, Ch. 38, §12-4*).

2. That on February 21, 1974, at approximately 11:00 p.m., the claimant was riding in a car with two friends, Simon Pera and Ashour Badalpour, in the area of Glenwood and Winnemac when a 1969-70 brown Buick pulled up beside them, blocking their lane of traffic. After some obscenities were exchanged, both drivers and passengers got out of their cars. The driver of the Buick went back to his car, grabbed a baseball bat and struck the claimant. A fist fight ensued among all occupants of both cars.

When the fight was over, the claimant, who was unconscious, was driven to Edgewater Hospital by his friend, Ashour Badalpour. The assailants jumped in their car and sped away as the police approached the scene in response to a call of a disturbance in the area.

A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

3. That statements, taken by the police investigators shortly after the crime was committed, present no evidence of any provocation by the claimant for the attack upon him.

4. That the criminal offense was promptly reported to law enforcement officials. That claimant has fully cooperated with their requests for assistance, but has not been able to make a positive identification of his assailants.

5. That the victim and his assailants were not related nor sharing the same household.

6. That the claimant was hospitalized at Edgewater Hospital from February 21, 1974, to March 4, 1974, where he was treated for swelling of the occipital region and a cerebral concussion.

7. That the claimant was unable to work as the result of his injury from February 22, 1974, until March 18, 1974, a total of 24 days. The claimant's average earnings immediately preceding his injury was $616.42 per month.

That based on a 30.4 day month, claimant's pro rata

loss is $486.65. Claimant received $257.13 in the form of disability benefits which must be deducted from his actual loss. Therefore, claimant's compensable loss is $229.55. This being less than the statutory maximum, the amount of $229.55 is totally compensable.

8. That the claimant has incurred medical, hospital expenses and loss of earnings as follows:

| | | |
|---|---|---|
| 1) | Hospital | $1,658.80 |
| 2) | Doctor | 400.00 |
| 3) | Loss of Earnings | 229.55 |
| | | $2,286.35 |

9. That the claimant received insurance benefits from the United Founders Insurance Company in the amount of $1,618.80 and is not entitled to additional compensation therefrom.

10. That in determining the amount of compensation to which the applicant is entitled, §7(d) of the Act states that this Court—

"(d) shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local governmental, State or Federal funds or from any other source . . ."

That after the statutory deduction of $200.00 and the insurance benefits of $1,618.80, the amount of compensation to which the claimant is entitled is $467.55.

It Is HEREBY ORDERED that the sum of $467.55 (FOUR HUNDRED SIXTY-SEVEN DOLLARS AND FIFTY-FIVE CENTS) be awarded Ninus Ushana, as an innocent victim of a violent crime.